UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| SAMUEL BURGETT, individually and as administrator of ALESIA CAROL BURGETT's ESTATE <br><br> Plaintiff <br><br> v. <br><br> APPALACHIAN REGIONAL HEALTHCARE, INC. and METROPOLITAN LIFE INSURANCE COMPANY <br><br> Defendants | CIVIL NO. 6:13-191 <br><br> **OPINION AND ORDER** |

\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the plaintiff's motion to remand (DE 6) and on the defendants' motion to dismiss the plaintiff's state-law claims (DE 4). Because the plaintiff asserts ERISA claims and because the life insurance policy at issue is governed by ERISA, the motion to remand will be denied and the plaintiff's state-law claims will be dismissed.

  **I. Facts**

Burgett filed this action in Perry Circuit Court. In his complaint, Burgett asserts that he was the beneficiary of a life insurance policy issued to his wife, Alesia, by the defendant Metropolitan Life Insurance Company. Alesia is deceased and Burgett is the administrator of her estate. Alesia was employed by defendant Appalachian Regional Healthcare, Inc. ("ARH") and, according to the plaintiff, the insurance policy was offered by ARH to its employees. According to the complaint, ARH was the administrator of the life insurance plan.

Burgett alleges that Alesia was diagnosed with terminal cancer and became unable to work on June 17, 2005. Alesia died on October 18, 2011. Burgett asserts that he made a claim to MetLife for life insurance benefits on or about October 25, 2011 but that, by letter dated January 19, 2012,

the claim was denied. Burgett asserts that ARH stated that the policy had been terminated March 6, 2009.

Burgett appears to assert against ARH and MetLife common-law claims for breach of contract, misrepresentation, breach of fiduciary duty, and bad faith and claims that the defendants violated the Kentucky Consumer Protection Act ("KCPA") and the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA).

The plaintiff also asserts claims under several provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Specifically, the plaintiff asserts ERISA claims for:

- benefits due under the plan under 29 U.S.C. § 1132(a)(1)(B) (DE 1-2, Complaint ¶ 42);
- breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) (DE 1-2, Complaint ¶ 44);
- equitable relief under 29 U.S.C. § 1132(a)(3) (DE 1-2, Complaint ¶ 44.); and
- failure to provide requested documents under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)(B). (DE 1-2, Complaint ¶¶ 56, 57.)

The defendants removed the action asserting that this Court has jurisdiction under 28 U.S.C. § 1331 which grants this court jurisdiction over all actions arising under federal law. The defendants argue that this Court has jurisdiction because Burgett asserts claims under ERISA. Burgett moves to remand the matter to state court arguing that there is no evidence in the record that ERISA governs the life insurance policy at issue. The defendants move to dismiss all of Burgett's state-law claims asserting that they are preempted under ERISA.

## II. Motion to Remand (DE 6)

Federal-question jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Paul v. Kaiser Foundation Health Plan of* Ohio, 701 F.3d 514, 518 (6th Cir. 2012). In determining whether federal-question jurisdiction exists, the Court need not determine whether the plan is governed by ERISA. This is because "federal subject-matter jurisdiction lies over Plaintiffs' suit as long as they raise a colorable claim under ERISA." *Daft v. Advest, Inc.*, 658 F.3d 583, 593 (6th Cir.2011). Whether the plan is governed by ERISA is "an element of a plaintiff's claim under Section 502(a)(1)(B), not a prerequisite for federal jurisdiction." *Id*. at 590–91.

Here, the plaintiff has explicitly asserted claims under various provisions of ERISA. It does not matter whether those claims are asserted in the alternative. The federal claims are asserted. Accordingly, federal-question jurisdiction exists and this action was properly removed. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the plaintiff's state-law claims. For these reasons, the motion to remand will be denied.

### III. Motion to Dismiss (DE 4)

The defendants move to dismiss all of Burgett's state-law claims arguing that they are preempted under ERISA. Common-law causes of action that "relate" to an employee benefit plan are expressly preempted under 29 U.S.C. § 1144(a). *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). Thus, assuming that the plan at issue is governed by ERISA, Burgett's state, common-law claims are preempted. Likewise, Burgett's claims under the KUCSPA and KCPA "relate to" an employee benefit plan and are preempted. "[V]irtually all state law claims relating to an employee benefit plan are preempted by ERISA."*Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

Burgett does not contest that, if the insurance plan at issue is covered by ERISA, his state-law claims are pre-empted. Instead, his sole argument in response to the motion to dismiss is that the insurance policy is not governed by ERISA.

"In determining whether a plan is an ERISA plan, a district court must undertake a three-step factual inquiry." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996).

First, the court must determine whether the program is exempt from ERISA under the Department of Labor's so-called "safe harbor" regulations. *Id.* at 434.

Second, "the court must look to see if there was a 'plan' by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Id.* (quoting *Int'l Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir.1991)).

"Finally, the court must ask whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Id.*

3

Burgett does not dispute that the second and third prongs of the test are met, *i.e.*, that there was a "plan" or that ARH established or maintained it with the intent of providing benefits to its employees. Burgett argues that the plan is exempt from ERISA under the safe-harbor regulations.

Those regulations exclude an employee insurance policy from ERISA coverage if:

(1) the employer makes no contribution to the policy;

(2) employee participation in the policy is completely voluntary;

(3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and

(4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deductions.

29 C.F.R. § 2510.3–1(j).

"A policy will be exempted under ERISA only if all four of the 'safe harbor' criteria are satisfied." *Thompson*, 95 F.3d at 435.

Burgett argues that discovery is necessary to determine whether the plan is exempt from ERISA coverage. The defendants submit a copy of the plan with their reply brief. The Court may consider the plan on this motion because it is referred to in the complaint and is central to the plaintiff's claim. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)).

The plan states that the employee makes no contribution for Basic Life Insurance. (DE 8-2, ERISA Information.) Furthermore, the policy states that the "Policyholder" is required to pay the premiums. It then identifies ARH as the policy holder. (DE 8-3, Policy at CM-ECF p. 1). Since the employee does not pay anything for Basic Life Insurance, ARH clearly must pay the premium.

In addition, the plan explicitly provides that ARH is the Plan Administrator and has authority to interpret the terms of the plan and determine eligibility for and entitlement to plan benefits. (DE 8-2, CM-ECF pp. 1, 4.) The plan also provides that employees could obtain claim forms from ARH who would answer questions about insurance benefits and assist employees in filing claims. (DE 8-2, CM-ECF p. 2.) Moreover, the plan cover page contains ARH's name and is followed

4

by a letter from ARH to its employees regarding the plan. (DE 8-1, Benefit Plan.) Thus, ARH clearly did more than permit the insurer to publicize the policy and collect and remit premiums.

Accordingly, the plan does not meet the safe-harbor regulations and is, therefore, governed by ERISA. No discovery on this issue is necessary.

For these reasons, the defendants' motion to dismiss Burgett's state-law claims will be granted.

Burgett also asserts claims for various kinds of extra-contractual damages, *i.e.*, punitive damages and damages for "emotional pain and suffering, worry, financial distress, and inconvenience." Again, Burgett asserts claims under four sections of ERISA: Sections 1132(a)(1)(B) (action to recover benefits due under a plan); 1132(a)(2) (breach of fiduciary duty); 1132(a)(3) (action for "appropriate equitable relief); and 29 U.S.C. § 1024(b)(4) (failure to comply with request for documents).

With regard to his claim that the defendants failed to provide him with requested documents in violation of 29 U.S.C. § 1024(b)(4), Burgett seeks the statutory penalties of $110 per day set forth in 29 U.S.C. § 1132(c)(1)(B) and 29 CFR § 2575.502c-1 (increasing the statutory $100 penalty to $110). Damages in excess of that amount are not permissible. *See Vargas v. Child Dev. Council of Franklin Cnty. Inc.*, 269 F. Supp. 2d 954, 957 (S.D. Ohio) ("Congress has. . . clearly determined the extent to which punitive damages are available by enacting 29 U.S.C. § 1132(c)(1). . . No other punitive damages are available." ); *Meyer v. Phillip Morris, Inc.*, 569 F. Supp. 1510, 1512 (E.D. Mo. 1983) ("[P]unitive damages in excess of the statutory penalty limit are not available in ERISA actions based upon an administrator's refusal to supply information required by the statute to be supplied.")

As to the three other ERISA provisions at issue, no extra-contractual damages are available. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (holding that neither extracontractual compensatory damages, such as damages for emotional distress, nor punitive damages are available to beneficiaries in an action under 29 U.S.C. § 1109(a) and §1132(a)(2)); *Allinder v. Inter-City Products Corp.*, 152 F.3d 544, 552 (6th Cir.1998) ("Because money damages are

5

'the classic form of *legal* relief,' § 1132(a)(3) does not authorize suits for compensatory, much less punitive, damages."); *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998) ("Nothing in § 1132(a)(1)(B) would permit a beneficiary to seek punitive damages."); *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 697 (6th Cir.1989) ("There can be no extracontractual recovery in the context of an ERISA plan."); *International Union UAW Local 91 v. Park-Ohio Industries, Inc.*, No. 88-3145, 1989 WL 63871 at *7 (6th Cir. 1989) (unpublished) (holding that extracontractual compensatory damages are not permitted under §§ 1132(a)(1)(B) or 1132(a)(3) of ERISA).

Accordingly, the Court will dismiss Burgett's claims for punitive damages and damages for inconvenience, stress, emotional pain and suffering, worry, financial distress, and inconvenience.

### III. Conclusion

For these reasons, the Court hereby ORDERS as follows:

1) the plaintiff's motion to remand (DE 8) is DENIED;

2) the defendants' motion to dismiss (DE 4) the plaintiff's state law claims is GRANTED;

3) the plaintiff's common-law claims for breach of contract, misrepresentation, breach of fiduciary duty, and bad faith and his claims that the defendants violated the Kentucky Consumer Protection Act ("KCPA") and the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA) are DISMISSED; and

4) the plaintiff's claims for punitive damages and damages for emotional pain and suffering, worry, financial distress, inconvenience and any other extra-contractual damages other than the statutory penalty provided for in 29 U.S.C. § 1132(c)(1)(B) and 29 CFR § 2575.502c-1 are DISMISSED.

Dated this 30th day of May, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY